

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| LARRY JAMES TYLER,           § | |
|     Plaintiff,           § | |
| § | |
| vs.           § | Civil Action No. 9:22-cv-511-MGL |
| § | |
| JAMES HUDSON, *Sheriff*, and DIANN           § | |
| WILKS, *Medical Director*,           § | |
|     Defendants,           § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT HUDSON'S MOTION FOR SUMMARY JUDGMENT,**
**DISMISSING DEFENDANT HUDSON WITH PREJUDICE,**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**MOTION TO STRIKE**

Larry James Tyler (Tyler), proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against Defendants James Hudson (Hudson), Diann Wilks (Wilks), and Dr. John Trogoon (Trogoon). The Court previously dismissed Trogoon from this case.

This matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge recommending granting Hudson's motion for summary judgment, dismissing Hudson with prejudice, and denying Tyler's motion for summary judgment and motion to strike (the Hudson Report). The Hudson Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Reports to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Hudson Report on April 11, 2023, along with another Report and Recommendation recommending Trogoon's dismissal (the Trogoon Report).  The Clerk's Office entered a response from Tyler on April 26, 2023, which objected to the Trogoon Report but not the Hudson Report, although it did ask that the case move forward against Hudson and Wilks.  In an abundance of caution, the Court provided Tyler another copy of the Hudson Report and an additional opportunity to object.  Tyler failed to do so.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Hudson Report and the record in this case under the standard set forth above, the Court adopts the Hudson Report, and incorporates it herein.  Therefore, it is the judgment of the Court Hudson's motion for summary judgment is **GRANTED**; Hudson is **DISMISSED WITH PREJUDICE**; and Tyler's motion to strike and motion for summary judgment are **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of June 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.