

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER,<br>　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 9:22-cv-511-MGL |
| | § | |
| DIANN WILKS, *Medical Director*,<br>　　　Defendant, | §<br>§<br>§ | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND DISMISSING CLAIMS AGAINST WILKS WITHOUT PREJUDICE**

Larry James Tyler (Tyler), proceeding pro se, brings a civil rights action under 42 U.S.C. § 1983 against Defendant Diann Wilks (Wilks).

This matter is before the Court for review of a Reports and Recommendation (the Report) of the United States Magistrate Judge, recommending the Court deny Tyler's motion for default judgment and dismiss his claims against Wilks. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 29, 2023. The Clerk's Office entered Tyler's objections on October 10, 2023.

First, Tyler contends the Magistrate Judge failed to consider his allegations regarding Wilks's failure to address his tooth pain. But, there is no discussion of tooth pain in Tyler's complaint or the declaration he filed with his complaint.

"It is well-established that parties cannot amend their complaints through briefing[.]" *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Because Tyler neglected to raise his tooth pain in his complaint, the Magistrate Judge properly failed to consider it.

The Court will thus overrule this objection.

Second, Tyler posits the Magistrate Judge erred in her determination that Tyler's nail fungus was unqualified as a serious medical need under the objective prong of the deliberate indifference analysis. But, he provides no reason for his disagreement.

The Magistrate Judge properly determined that Tyler failed to allege or show that his nail fungus was a "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (internal quotation marks omitted) (citation omitted). Accordingly, the Court will overrule this objection, as well.

Third, Tyler also maintains the Magistrate Judge erred in determining Tyler also failed to satisfy the subjective prong of the deliberate indifference analysis. Again, he fails to specify any reason for this objection. And, it appears he focuses on his claim regarding his tooth pain.

Even as to his migraines and toe fungus, however, the Magistrate Judge properly determined Tyler had failed to allege facts indicating Wilks "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety[,]" in other words, that she was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, the Court will also overrule this objection.

Finally, Tyler insists the Magistrate Judge wrongly recommended Wilks is entitled to qualified immunity. Because Tyler's claims fail on other grounds, the Court need not address qualified immunity. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). Hence, the Court will overrule this objection, too.

After a thorough review of the Reports and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Tyler's motion for default judgment is **DENIED** and the claims against Wilks are **DISMISSED WITHOUT PREJUDICE**, concluding this matter.

**IT IS SO ORDERED**.

Signed this 17th day of January 2024, in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis
                                                    MARY GEIGER LEWIS
                                                    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.